# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1675V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MARSHA HAMMER, as Executor of the Estate of GEORGE HAMMER, | \* \* \* \* | Chief Special Master Corcoran |
| Petitioner, | \* \* | Filed: February 6, 2024 |
| v. | \* \* \* | Reissued for Public Availability: March 5, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES | \* \* \* \* | |
| Respondent. | \* \* \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Marsha Hammer*, Louisville, KY, *pro se* Petitioner.

*Alexa Roggenkamp*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On October 29, 2019, George Hammer filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he developed Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 12, 2017. Petition (ECF No. 1) at 1. Following Mr. Hammer's death, Marsha Hammer was substituted as Petitioner on February 19, 2021. ECF No. 21. Petitioner was originally represented by counsel, but became *pro se* in August 2023.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

Pursuant to Vaccine Rule 18(b), this Decision was initially filed on February 6, 2024, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On October 4, 2023, I issued a Scheduling Order (a copy of which was mailed to the Petitioner) directing her to file a Status Report on or before November 30, 2023, setting forth her progress in obtaining new counsel, as well as stating whether she is prepared to proceed in advancing a non-Table claim or wishes to continue to maintain a flu-GBS Table Claim. (ECF No. 51). Petitioner did not act, so I issued a second Order on December 12, 2023 (a copy of which was also mailed) extending Petitioner's deadline to comply with my initial order. (ECF No. 52). Again, Petitioner did not act, and so a third Order (a copy of which was again mailed) directing Petitioner to contact my chambers immediately was issued on January 17, 2024. (ECF No. 53). Petitioner has failed to comply with this Order as well.

Under Vaccine Rule 21(b), a special master may dismiss a petition for failure of the petitioner to prosecute or comply with any order of the special master. In this case, Petitioner has repeatedly failed during the pendency of this case to respond to the deadlines set by my court orders. She also lacks expert support needed to substantiate her claim. Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medial records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Therefore, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, and pursuant to Vaccine Rule 21(b)(2), the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

A copy of this Decision shall be sent via email to Petitioner at mhammer931@twc.com, and via First-class mail to the following address:

> Marsha Hammer, as Executrix of the Estate of George Hammer, 4507 Saratoga Woods Dr., Louisville, KY 40299

**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.